**David LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00210–CR.**

Court of Appeals of Texas, El Paso.

April 6, 1983.

Robert Millard, El Paso, for appellant.

George N. Rodriguez, Jr., County Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from an El Paso Municipal Court conviction for speeding. Punishment was assessed at a fine of $23.00. The original conviction was obtained in a municipal court of record established under Tex. Rev.Civ.Stat.Ann. Article 1200ee–1 (Vernon Supp.1982). Appeal was taken to El Paso County Court at Law No. Two, but was dismissed. We affirm.

The local ordinance implementing the State statutory provision does not appear in the record as an item of evidence. While a county, district or appellate court may not take judicial notice of a municipal ordinance, as indicated in *Cole v. State,* 556 S.W.2d 343 (Tex.Cr.App.1977) and *Howeth v. State,* 645 S.W.2d 787 (Tex.Cr.App.1983), the ordinance in question is jurisdictional to the local county court at law and is therefore subject to the judicial notice of that particular court. The record in this cause does not present the same defect as that in *Lange v. State,* 639 S.W.2d 304 (Tex.Cr. App.1982). That opinion, however, expresses the rationale that the power to judicially notice an ordinance is a concomitant of a court's special function in enforcing its provisions. The county court has no authority to initially enforce penal provisions of municipal ordinances in a criminal case. The county court does, however, enforce the procedural ordinance which establishes not only the municipal court of record but which determines the nature of the appellate review to be conducted by the county court. Thus, while the county court may not judicially notice other municipal ordinances, it may do so with regard to that ordinance which is critical to its own appellate function.

In this case, full appellate review is not available at this level of court. The fine assessed by the trial court did not exceed $100.00. This Court is without jurisdiction to review such cases unless the sole ground of error is the constitutionality of the statute or ordinance allegedly violated. Tex.Code Crim.Pro.Ann. art. 4.03 (Vernon Supp.1982). The appeal in this case was not so limited.

This Court does have jurisdiction to review the order of the County Court at Law dismissing the appeal due to the deficiency in the appellate bond noted by County Court at Law Judge Fashing in his opinion. *Minchew v. State,* 366 S.W.2d 942 (Tex.Crim.App.1963). The filing of a timely, proper appellate bond is essential to perfect an appeal from municipal court. Tex. Code Crim.Pro.Ann. articles 44.13 (Vernon Supp.1982) and 44.14 (Vernon 1979). Article 17.08 requires the signature of both principal and surety. In this case, Appellant's counsel acted as surety and signed the bond in that capacity. Appellant did not sign. In accordance with Article 44.15, Judge Fashing advised Appellant of the defect in the bond and afforded him time to correct it. No effort was made to do so, and the appeal was properly dismissed. *Forman v. State,* 366 S.W.2d 944 (Tex.Cr. App.1963).

Both the failure to perfect the appeal and the nature of the fine and grounds of error preclude this Court from exercising further appellate review. Accordingly, the judgment of the County Court at Law dismissing the appeal is affirmed.