**Joel B. POLLAK, Appellant,**

**v.**

**METROPLEX CONSUMER CENTER, INC., Appellee.**

No. 05–86–00544–CV.

Court of Appeals of Texas, Dallas.

Dec. 15, 1986.

Samuel B. Paternostro, Dallas, for appellant.

William M. Methenitis, Dallas, for appellee.

Before GUITTARD, C.J., and HOWELL and SCALES, JJ.

GUITTARD, Chief Justice.

On motion of Metroplex Consumer Center, Inc., we dismissed this appeal because of Joel B. Pollak's failure to timely file an amended cost bond within the time allowed by an order of this court. Pollak has asked us to reconsider. We grant his request to reconsider, and, for the reasons stated below, vacate our order of dismissal and reinstate the appeal.

Pollak originally perfected this appeal by filing a cost bond, the sureties on which were his two attorneys, the brothers Samuel and Charles Paternostro. No leave of court had been obtained, as required by Texas Rule of Civil Procedure 142,[1] which requires leave of court for an attorney to act as surety for his client. Metroplex timely objected to the irregularity. Accordingly, on August 11, 1986, we granted leave to Pollak to file an amended appeal bond, with a proper surety, by August 21.

On September 8, Pollak filed a motion to extend, which reveals the following facts. Samuel Paternostro died on June 26, 1986. The law firm had used a post-office box for its mail delivery, and Samuel had customarily picked up the mail. On his death, the firm closed the post-office box and requested the postal service to deliver the mail directly. Nevertheless, the postal service continued to deposit some of the firm's mail, including our August 11 order, in the post-office box. Charles, already having suffered the loss of his brother and striving to manage his brother's case load as well as his own, discovered the mistaken delivery, including our order, more than a week after expiration of our August 21 deadline. By the time Charles could make arrangements with Pollak for a new security, it was early September. Pollak filed his motion to extend the time for filing the amended bond on September 8, and, on September 10, he made a cash deposit in lieu of an amended bond in the trial court. Metroplex moved to dismiss on the ground that the deposit was late. We granted the

---

1. All references are to the Texas Rules of Civil Procedure in effect during the relevant time, unless otherwise indicated.

motion to dismiss, and Pollak has now moved for reconsideration.

We recognize that the late filing of an original bond is a jurisdictional defect. *Fite v. Johnson,* 654 S.W.2d 51, *passim* (Tex.App.—Dallas 1983, no writ); TEX.R. APP.P. 41(a)(2) (formerly Tex.R.Civ.P. 356(b)). The question, however, is whether the late filing of an amended bond, after the original bond has been found insufficient, is also jurisdictional. Certainly the failure to timely comply with an order requiring an amended bond can result in dismissal, as held in *Anzaldua v. Whitman,* 666 S.W.2d 171, 172–73 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). But the precise question here is whether such a failure mandates dismissal or is a matter within our discretion. The only authority we find is *General Investors Corp. v. Carter,* 48 S.W.2d 439, 439 (Tex.Civ.App.— Beaumont 1932, no writ). The *Carter* court denied appellant leave to file a second amended bond. In doing so, the court stated, "[W]e doubt that we have authority to grant the request [for leave], but, if so, then ... its exercise would be within the sound discretion of the court...." 48 S.W.2d at 439 (citations omitted). The *Carter* court then concluded that, in its discretion, the appeal before it should be dismissed. 48 S.W.2d at 439–40. On original consideration, we, likewise, were concerned as to whether Pollak's late filing of the amended bond resulted in the loss of our jurisdiction and concluded that it was a matter of jurisdiction.

▬ On reconsideration, however, we now determine that we do retain jurisdiction over this appeal, and that whether to dismiss rests within our sound discretion. Our jurisdiction is invoked by the timely filing of the original bond, though defective or insufficient. *Woods Exploration & Producing Co. v. Arkla Equipment Co.,* 528 S.W.2d 568, 570 (Tex.1975). *See Womack v. Carson,* 123 Tex. 260, 267, 65 S.W.2d 485, 487, *rehearing denied,* 123 Tex. 269, 70 S.W.2d 416 (Tex.Comm'n App. 1933, judgment adopted) (not necessary that new bond be filed within time prescribed for filing appeal bond, since defective bond is sufficient to carry the appeal). Rule 46(f)

of the Texas Rules of Appellate Procedure (formerly Tex.R.Civ.P. 363(a)) provides that the appellate court "may allow the filing of a new bond ... on such terms as the appellate court may prescribe." This rule gives us discretion to fix the time for filing an amended bond. We could have allowed thirty days instead of ten by our order of August 11, and if we had, the deposit on September 10 would have been timely. We now conclude that the facts stated in Pollak's motion to extend, and again in his motion for reconsideration, demonstrate that the original period allowed was insufficient and that our order of dismissal was unduly harsh in the light of the unusual circumstances of this case. We hold that our discretion was not exhausted by our order of August 11 or by expiration of the deadline on August 21.

We do not regard the expiration of fifteen days after the deadline of August 21 as material because no rule prescribes that period or any other period for filing an amended bond or a motion to extend the time for filing an amended bond. The only time limitation applicable here is the period allowed by our order of August 11. We hold that under rule 46(f) we have discretion to modify that period. Accordingly, we vacate our order of September 22, grant Pollak's motion to extend, and reinstate the appeal.