**Opinion issued September 27, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

---

**Appellate Case Nos.**

**01-12-00612-CR, 01-12-00764-CR, 01-12-00765-CR, 01-12-00766-CR,**
**01-12-00767-CR, 01-12-00768-CR, 01-12-00769-CR, 01-12-00770-CR,**
**01-12-00771-CR, 01-12-00772-CR, 01-12-00773-CR, 01-12-00774-CR,**
**01-12-00775-CR, 01-12-00776-CR, 01-12-00777-CR, 01-12-00778-CR,**
**01-12-00779-CR, 01-12-00780-CR, 01-12-00781-CR, 01-12-00782-CR,**
**01-12-00783-CR, 01-12-00784-CR, 01-12-00785-CR, 01-12-00786-CR,**
**01-12-00787-CR, 01-12-00788-CR, 01-12-00789-CR, 01-12-00790-CR,**
**01-12-00802-CR, 01-12-00803-CR, 01-12-00804-CR, 01-12-00805-CR,**
**01-12-00806-CR, 01-12-00807-CR, 01-12-00808-CR, 01-12-00809-CR,**
**01-12-00810-CR, 01-12-00811-CR, 01-12-00812-CR, 01-12-00814-CR,**
**01-12-00815-CR, 01-12-00816-CR, 01-12-00817-CR, 01-12-00818-CR,**
**01-12-00819-CR, 01-12-00820-CR, 01-12-00821-CR, 1-12-00822-CR,**
**01-12-00823-CR, 01-12-00824-CR, 01-12-00828-CR, 01-12-00829-CR,**
**01-12-00830-CR, 01-12-00831-CR, 01-12-00832-CR, 01-12-00833-CR,**
**01-12-00834-CR, 01-12-00835-CR, 01-12-00836-CR, 01-12-00837-CR,**
**01-12-00838-CR, 01-12-00839-CR, 01-12-00840-CR, 01-12-00841-CR,**
**01-12-00842-CR, 01-12-00843-CR, 01-12-00844-CR, 01-12-00845-CR**

# COMUNIDAD CORPORATION, Appellant

## V.

# THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law No. 12, Harris County, Texas**

**Trial Court Case Nos. 1746246, 1746247, 1746248, 1746249, 1746250, 1746251, 1746252, 1746253, 1746254, 1746255, 1746256, 1746257, 1746258, 1746259,   1746260, 1746261, 1746262, 1746263, 1746264, 1746265, 1746266,1746267, 1746268, 1746269, 1746270, 1746271, 1746272, 1746273, 1746274, 1746275, 1746276, 1746277, 1746278, 1746279, 1746280, 1746281, 1746282, 1746283, 1746284, 1802200, 1802201, 1802202,1802203, 1802204, 1802205, 1802206, 1802207, 1802208, 1802209, 1802210, 1802211, 1802212, 1802213, 1802214, 1802215, 1802216, 1802217, 1802218, 1802219, 1802220, 1802221, 1802222, 1802223, 1802224, 1802225, 1802226, 1802227, 1802228**

## O P I N I O N

In this appeal, we consider whether the county court at law loses jurisdiction in a criminal case when the defendant's surety on the appeal bond dies.  We reverse and remand.

## BACKGROUND

The fire marshal issued 68 municipal court citations to appellant Comunidad Corporation ["Comunidad"], the purported owner of the Windfield Landing Apartments in Nassau Bay, Texas.[1]  The cases were tried in the municipal court in

---

[1]    Comunidad vigorously contends that it is not the owner of the apartment complex, but that the complex is owned by Communidad-Balboa, LLC, a not-for-profit corporation of which Comunidad is a shareholder.

the city of Nassau Bay. Comunidad claims that it was not allowed to put on evidence at the municipal court trial. The jury returned a guilty verdict in each of the 68 cases and assessed cumulative fines in excess of $200,000.

Comunidad filed notices of appeal and appeal bonds in an amount twice that of the fines to perfect a de novo appeal to the county court at law. *See* TEX. CODE CRIM. PROC. ANN. arts. 45.042, 45.0425 & 45.0426 (Vernon 2006) (providing for the perfection of a criminal trial de novo from municipal court to county court at law upon the posting of a bond "not less than two times the amount of the find and costs adjudged against the defendant.").

On March 2, 2012, almost a year after Comunidad filed its notice of appeal and appeal bond in the county court at law, the State filed a "Motion to Find Bond Insufficient/Unacceptable and Revoke Defendant's Bond." It its motion, the State, relying on TEX. CODE CRIM. PROC. ANN. art. 17.09, §3 (Vernon Supp. 2012), alleged that Comunidad's surety, Peter Perrault, had died, and requested that the "court enter an order **REVOKING** the . . . bond which was executed on **MARCH 14, 2011**, enter a capias for the arrest of the Defendant **COMUNIDAD CORPORATION**, and after hearing from the defense counsel and counsel for the State of Texas, set a bond in the criminal matter."

On March 6, 2012, the trial court held a hearing on the State's motion. At the hearing, counsel for the State argued as follows:

3

[Prosecutor]: Judge, under Article 1709, Section 3, the Code of Criminal Procedure states that whenever during the course of the action the Judge finds that the bond is defective, excessive, or insufficient in amount or that the sureties, if any, are not acceptable or for any other good or sufficient cause, the judge may order the accused to be rearrested and require the accused to get another bond in such amount as the judge or magistrate may deem proper.

The Court—the State is coming before you today asking you to find that the surety is no longer good and acceptable.  Mr. Perrault passed away on January the 25th of—

When the trial court asked whether both sides agreed that Perrault was deceased, defense counsel replied, "I have no idea.  [The prosecutor] informed me—nobody informed me until [the prosecutor] informed me that our surety had passed away.  So, on February 23rd is the first time I got notice of that.  It's now March 6th."

When the trial court asked the prosecutor what remedy she was seeking, the prosecutor responded as follows:

I'm asking that you find [the] bonds insufficient.  If you find the bonds insufficient, since there's no defendant to take into custody, Judge, I originally thought that you could issue a summons for the corporation but then when I realized and thought about it and started reading the appellate law*, once you find the bonds insufficient, you lack jurisdiction because this appeal is no longer valid*.

Thereafter, the trial court stated that it was granting the State's motion to find the bonds inadequate.  Defense counsel then questioned, "And if we post, let's say, bonds within 24 hours, is your jurisdiction back or are these cases dismissed," to which the trial court responded, "You're back in the original [municipal] court."

4

On March 5, 2012,[2] the trial court reflecting its ruling at the hearing and dismissing all 68 appeals, noting as its explanation "[Defendant] lost motion/ ct. no longer has jurisdiction."

## JURISDICTION OF COUNTY CRIMINAL COURT AT LAW

In its sole issue on appeal, Comunidad contends that

[t]he trial court erred in dismissing these cases for lack of jurisdiction when the appeal bond was proper and sufficient at the time it was filed and the appeal to the county court was properly perfected and the subsequent death of the surety who posted the bonds did not affect the jurisdiction of the trial court even if the trial court later determined that that the bonds needed to be replaced since jurisdiction had been properly conveyed to the trial court.

### *Jurisdiction of Appellate Court and Standard of Review*

This Court has jurisdiction to review an order of a county court dismissing an appeal from an inferior court. *See Martin v. State*, 346 S.W.2d 840, 841 (Tex. Crim. App. 1961). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007); *In re R.G.*, 388 S.W.3d 820, 823 (Tex. App.—Houston [1st. Dist.] 2012, pet. denied); *Moss v. State*, 13 S.W.3d 877, 883 (Tex. App.—Fort Worth 2000, pet. ref'd).

---

[2] The record would seem to indicate that the cases were dismissed on March 5, 2012, one day *before* the hearing was held on March 6, 2012. We will, however, presume that the hearing was held and the orders signed on the same date, March 6, 2012, as indicated in the reporter's record from the hearing.

5

*Analysis*

The State's Motion to Find Bonds Insufficient/Unacceptable and Revoke

Defendant's Bond was based on section 17.09, sections 2 and 3 of the Code of

Criminal Procedure, which provides:

> Sec. 2. When a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as herein provided.
> Sec. 3. Provided that whenever, during the course of the action, the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for another other good and sufficient cause, such judge or magistrate may, either in term time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper. When such bond is so given and approved, the defendant shall be released from custody.

TEX. CODE CRIM. PROC. ANN. art. 17.09, §§ 2 & 3 (Vernon Supp. 2012). The

State argues that "the question for the court to consider is whether or not the court

acted within discretion under article 17.09(3) in finding the surety on the bond

unacceptable," and that the trial court did not abuse its discretion in finding the

bond to be inadequate in light of the surety's subsequent death.

Comunidad argues that article 17.09 is applicable to bail bonds, not the

appeal bond at issue here, and that it perfected its appeal under the relevant

statutes. To determine this issue, we look first to the statutes authorizing an appeal

from the municipal court to the county court at law.

6

Article 45.042(a) provides that "appeals from a justice or municipal court . . . shall be heard by the county court[.]" TEX. CODE CRIM. PROC. ANN. art. 45.042(a) (Vernon 2006).

Article 45.0425 describes the requisites of the appeal bond as follows:

(a)     If the court from whose judgment and sentence the appeal is taken is in session, the court must approve the bail.  The amount of a bail bond may not be less than two times the amount of the fine and costs adjudged against the defendant, payable to the State of Texas. The bail may not in any case be for a sum less than $50.  If the appeal bond otherwise meets the requirements of this code, the court without requiring a court appearance by the defendant shall approve the appeal bond in the amount the court . . . notified the defendant would be approved.
(b)     An appeal bond shall recite that in the cause the defendant was convicted and has appealed and be conditioned that the defendant shall make the defendant's personal appearance before the court to which the appeal is taken instanter, if the court is in session, or, if the court is not in session, at its next regular term, stating the time and place of that session, and there remain from day to day and term to term, and answer in the cause in the court.

*Id.*, art. 45.0425.

Finally, article 45.026 describes the effect of filing the aforementioned appeal bond.

(a) When the appeal bond has been filed with the justice or judge who tried the case not later than the 10th day after the date the judgment was entered, the appeal in such case shall be held to be perfected.
(b) If an appeal bond is not timely filed, the appellate court does not have jurisdiction over the case and shall remand the case to the justice or municipal court for execution of the sentence.
(c) An appeal may not be dismissed because the defendant failed to give notice of appeal in open court.  An appeal by the defendant or

7

the state may not be dismissed on account of any defect in the transcript.

*Id.*, art. 45.0426.

Comunidad argues, and the State does not disagree, that it complied with these statutes when it posted bonds in twice the amounts of its fines within 10 days of the municipal court's judgment. However, relying on *Matula v. State*, 161 S.W. 965 (Tex. Crim. App. 1913) and *Skidmore v. State*, 37 S.W. 859 (Tex. Crim. App. 1896), the State argues that "the court acted appropriately in finding that an unacceptable bond no longer conferred jurisdiction in the court." Essentially, the State is arguing that the county court at law's properly perfected jurisdiction evaporated once the surety died and the court found the bonds to be unacceptable.

However, in both *Matula* and *Skidmore*, the defendant filed an initial bond that did not meet the statutory requirements, and, after the State filed a motion to dismiss based on the inadequacies in the bond, the county court dismissed the appeals, which the court of criminal appeals then affirmed. *See Matula*, 161 S.W. at 966 and *Skidmore*, 37 S.W. at 859–60. However, we find these cases distinguishable for two reasons.

First, in both *Matula* and *Skidmore* the State filed motions to dismiss based on the inadequacies in the bond. In contrast, here the State did not move to dismiss the appeal; its motion sought only to have the bonds declared inadequate and revoked. As we discuss below, Comunidad was not given any notice that it faced

8

dismissal of its appeals until it appeared at the hearing, at which the State argued for the first time that the cases should be immediately dismissed once the trial court found them to be inadequate.

Second, in each *Matula* and *Skidmore*, the appeal was never perfected because the initial bond was inadequate. Here, we have a properly perfected appeal, which was later held to be inadequate because of the death of the surety, a fact beyond the defendant's control.

Neither case addresses the situation presented in this case, i.e., whether, as argued by the State at trial, "once [the county court found] the bonds insufficient, [it] lack[ed] jurisdiction because this appeal is no longer valid."

We do not believe, however, that the trial court was compelled to dismiss the appeals once it found the bonds inadequate, or that it "no longer ha[d] jurisdiction" because the "defendant lost" the Motion to Find the Bond Insufficient/Unacceptable and Revoke Defendant's Bond, as the trial court stated in its order of dismissal.

Article 44.15 provides as follows:

When an appeal is taken from any court of this State, by filing a bond within the time prescribed by law in such cases, and the court to which appeal is taken determines that such bond is defective in form or substance, such appellate court may allow the appellant to amend such bond by filing a new bond, on such terms as the court may prescribe.

9

TEX. CODE CRIM. PROC. ANN. art. 44.15 (Vernon 2006). While it is true that article 44.15 states that the court "may" permit a defendant to file a new appeal bond, the fact that the statute exists is evidence that the county court's jurisdiction does not "evaporate" immediately upon finding a bond inadequate like the State argued at the hearing and the trial court indicated in its dismissal order.

We also believe that civil cases involving appeal bonds as perfecting instruments support our conclusion that the appellate court does not immediately lose jurisdiction once it finds a bond to be insufficient. In *Pollak v. Metroplex Consumer Center, Inc.*, 722 S.W.2d 512, 513 (Tex. App.—Dallas 1986, no writ), the appellant filed a cost bond, which was necessary to perfect the appeal to the court of appeals. However, the appellee objected to the surety on the bond, and the appellate court granted appellant leave to file an amended bond with a proper surety by a certain date. *Id.* When appellant did not file his amended bond by the date proscribed, but instead filed a cash deposit in lieu of bond, the appellee moved to dismiss. *Id.* at 513–14. The court of appeals then considered whether the appellant's late filing of the amended bond resulted in the loss of appellate jurisdiction and concluded that it did not. *Id.* at 514. The court of appeals held that "[o]ur jurisdiction is invoked by the timely filing of the original bond, though defective or insufficient." *Id.* Because a statute permitted an amended bond, the appellate court had the discretion to extend the time for filing the amended bond,

10

and the court did not lose jurisdiction simply because the time that it had given for filing the amended bond had passed. *Id.; see also Jones v. Banks*, 331 S.W.2d 370, 371 (Tex. Civ. App.—Dallas 1960, no writ) ("The rule is that defects of substance or form in a bond for costs on appeal are not jurisdictional."). The rationale of these cases is even more applicable in this case because the appeal *was* properly perfected, jurisdiction invoked, and only later did the bond become inadequate by reason of the surety's death.

This Court is not holding that the county court at law could not dismiss a defendant's appeal after giving him notice and an opportunity to cure by filing a new or amended bond pursuant to article 44.15. *See Menjivar v. State*, 264 S.W.3d 137, 142 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding in similar situation that when procedural defect can be cured, appellate court must provide defendant with notice of intent to dismiss appeal if defect is not cured); *see also Few v. State*, 230 S.W.3d 184, 189–90 (Tex. Crim. App. 2007) (holding defect in perfecting instrument, which may be amended, does not affect jurisdiction). For example, in *Lopez v. State*, 649 S.W.2d 165, 166 (Tex. App.—El Paso 1983, no pet.), the defendant's bond was insufficient to appeal from municipal court to county court at law because it was not signed by appellant. In accordance with article 44.15, the county court at law judge "advised appellant of the defect in the

11

bond and afforded him time to correct it." *Id.* When appellant made no effort to correct the bond, "the appeal was properly dismissed." *Id.*

The State argues that appellant had notice and an opportunity to cure because it informed Comunidad that Perrault had died on February 23, 2012, and the appeals were not dismissed until March 5, 2012. Thus, the State argues that Comunidad had 11 days to file a new bond, which was one day longer than required by the statute for filing the original bond.

While Comunidad may have had notice that its surety had died and that the State was seeking to have the bonds declared insufficient, it had no notice that the State would be seeking a dismissal of the appeals. The State's motion prayed only that the county court issue an order finding the bond "insufficient/unacceptable based on the death of the Surety," revoking the bond, and entering a capias for the arrest of the defendant. It was not until the parties appeared at the hearing on the State's motion that the State requested dismissal of the appeals, which the trial court granted immediately upon its finding the bonds to be inadequate.

In a similar civil case, the appellant filed an appeal bond to perfect an appeal from the justice court to the county civil court at law. *Ashley Furniture Indus., Inc. v. David Pierce*, 311 S.W.3d 595, 599 (Tex. App.—El Paso 2010, no pet.). The appellee moved to dismiss the appeal, arguing that the bond was filed in an

insufficient amount. *Id.* The appellant argued that the five-day period[3] for correcting the bond never started until the trial court actually declared the bonds insufficient. *Id.* The court of appeals disagreed, holding that that the appellant "had sufficient notice when [the appellee] filed and served the motion to dismiss on the precise ground that [appellant] had not perfected its appeal . . . because it had not posted a bond equal to twice the amount of the original judgment." *Id.* at 599. The court held that there were two acceptable ways of giving an appellant notice—by filing a motion to dismiss for want of jurisdiction or a plea to the jurisdiction. *Id.*

Here, the State did not file either, thus Comunidad was never given notice that its case would be dismissed if it did not file an amended bond. Because the defect could have been cured, appellant should have been given notice and an opportunity to do so. *See Menjivar*, 264 S.W.3d at 142; *see also Few*, 230 S.W.3d at 189–90.

The State further argues that Comunidad could have filed new bonds and sought reinstatement of its appeals after the trial court signed its order of dismissal. We agree that a criminal appeal, dismissed for want of a sufficient bond, will be reinstated upon motion accompanied by a sufficient bond. *See Martin v. State*, 346

---

[3] In civil cases, the appeal shall not be dismissed without allowing an appellant five days after notice within which to correct or amend the defective appeal. *See* TEX. R. CIV. P. 571. In contrast, article 44.15 does not proscribe a particular time period within which the bond must be amended in criminal appeals.

S.W.2d 840, 841 (Tex. Crim. App. 1961). However, in this case, Comunidad requested permission to file amended bonds within 24 hours of the hearing, and the trial court responded that it would not entertain such bonds and that jurisdiction would remain in the municipal court. Under these circumstances, we do not believe that Comunidad should have been required to perform a useless act by filing a motion to reinstate with amended bonds that the trial court had already stated on the record that it would not consider.

## CONCLUSION

The trial court was not deprived of jurisdiction when it granted the State's motion to find the bonds insufficient. Instead, it had jurisdiction to, and should have provided Comunidad with notice and an opportunity to cure any defect by filing another bond in each case. Because it did not do so, we reverse the judgments of the trial court and remand for further proceedings.

/s/ Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Publish. TEX. R. APP. P. 47.2(b).

14