**Affirmed and Memorandum Opinion filed February 14, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-21-00164-CR

**BRUCE  CHARLES  SHELLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court
Colorado County, Texas
Trial Court Cause No. 19-25,801**

## MEMORANDUM  OPINION

Appellant Bruce Charles Shelley asserts that the trial court erred in granting the State's motion "to return Appellant's speeding ticket to the Justice Court because [the justice court judge] had not signed the appeal bond" in violation of appellant's statutory and constitutional rights.  We affirm.

# I. BACKGROUND

A Department of Public Safety trooper issued appellant a speeding ticket. Appellant pled nolo contendere before the justice court. The day appellant made his plea he also filed an appeal bond in the justice court. The appeal bond is for double the amount of the total fine and costs assessed against appellant. The appeal bond is signed by appellant and two sureties but not signed by the justice court. The total fine and costs assessed against appellant includes:

| | |
|---|---|
| Fine | $ 62.90 |
| Consolidated Court Costs | 40.00 |
| Court House Sec. | 4.00 |
| Indigent Defense Fund | 2.00 |
| Jury Service Fee | 4.00 |
| Judicial Support Pay | 6.00 |
| Justice Court Tech. Fund | 4.00 |
| Arrest Fee | 5.00 |
| Transaction Fee | 2.00 |
| Subtitle C | 30.00 |
| Traffic | 3.00 |
| Moving Violations | .10 |
| Truancy Prev. & Div. Fund | ^ ^? |
| Total Cost | $165.00 |

In the county court, the State moved to remand the case to the justice court because the appeal bond was not sufficient to give the county court jurisdiction. In the motion the State argued appellant failed to comply with the Texas Code of Criminal Procedure in his attempt to perfect his appeal. The county court agreed, granted the motion, and remanded the case to the justice court. This appeal followed.

## II.    JURISDICTION

The State urges that this court lacks jurisdiction to consider this appeal because the fine imposed in the justice court did not exceed $100.[1]  *See* Tex. Code Crim. Proc. art. 4.03.  Article 4.03 provides:

> The Court of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed.  This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed or affirmed by the [applicable] county court does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

Tex. Code Crim. Proc. art. 4.03.  "The right to appeal . . . from final judgments of the County Court after trial de novo on appeal from inferior courts is limited to cases where the final judgment of the county court assesses a fine in excess of $100."  *Martin v. State*, 346 S.W.2d 840, 840 (Tex. Crim. App. 1961).

The question presented in this appeal is whether the county court should have dismissed the appeal for lack of jurisdiction due to an inadequate appellate bond, not the merits of the underlying case against appellant.  The county court did not assess a fine or affirm the judgment after a trial de novo.  Instead, the county court granted the State's motion due to appellee's failure to perfect the appeal and returned the case to the justice court.  Because the county court did not assess any fine or affirm the judgment, article 4.03 does not apply.  *See Martin*, 346 S.W.2d at

---

[1] There is a distinction made between costs and fines.  *See* Tex. Code of Crim. Proc. art. 3.01 ("All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined."); art. 45.004 ("Unless the context clearly indicates otherwise, in this chapter, 'cost' includes any fee, including a reimbursement fee, imposed on a defendant by the justice or judge."); *see also id.* arts. 27.14, 45.041 (distinguishing between "fine" and "costs").  In this case, the fine is $62.90 and below the minimum threshold of article 4.03.

840 (holding court had jurisdiction over case dismissed by county court due to inadequate appeal bond, even though fine imposed by corporation court was under jurisdictional threshold, because "the question here presented is whether the county court should have dismissed the appeal. If the bond was proper, his appeal should not have been dismissed and he is entitled to a trial de novo."); *State v. McKinney*, 803 S.W.2d 374, 376 (Tex. App.—Houston [14th Dist.] 1990, no writ) (concluding where county court dismissed complaint on appeal from municipal court, article 4.03 did not apply and instead analyzed jurisdiction to consider the State's appeal under 44.01(a)).

Because article 4.03 does not apply, this court has jurisdiction to hear any appeal filed in accordance with article 44.02. *See* Tex. Code Crim. Proc. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed."); *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018) ("Generally speaking, a criminal defendant has a statutory right to appeal."); *see also Martin*, 346 S.W.2d at 840; *McKinney*, 803 S.W.2d at 376. "This Court has jurisdiction to review an order of a county court dismissing an appeal from an inferior court." *Comunidad Corp. v. State*, 445 S.W.3d 401, 404 (Tex. App.— Houston [1st Dist.] 2013, no pet.).

We conclude that we have jurisdiction over this appeal.

### III. APPEAL BOND

We turn next to appellant's sole issue on appeal, whether the county court "abused its discretion" in dismissing his appeal because the appeal bond did not comply with the Texas Code of Criminal Procedure.[2]

### A. General Legal Principles

When a defendant has been charged with a misdemeanor punishable by fine only, the defendant may mail or deliver to the court a plea of either guilty or nolo contendere and a waiver of jury trial. Tex. Code Crim. Proc. art. 27.14(b). A defendant may also request in writing for the court to notify the defendant of the amount of appeal bond that the court will approve. *Id.* "The court shall notify the defendant . . . *if requested by the defendant*, the amount of an appeal bond that the court will approve." *Id.* (emphasis added). Except as otherwise provided by this code, the defendant shall pay any fine or costs assessed or give an appeal bond in the amount stated in the notice before the 31st day after receiving the notice." *Id.*

If a justice court is "in session" and appeal is taken, then the appeal bond must be approved by the court. *Id.* art. 45.0425. "The amount of an appeal bond may not be less than two times the amount of the fine and costs adjudged against the defendant, payable to the State of Texas." *Id.* "If the appeal bond otherwise meets the requirements of this code, the court . . . shall approve the appeal bond in the amount the court under Article 27.14(b) notified the defendant would be approved." *Id.* "When the appeal bond has been filed . . . not later than the 10th day after the date the judgment was entered, the appeal in such case shall be held to be perfected." *Id.* art. 45.0426. "A legal and sufficient bond [is] necessary to

---

[2] The State filed a "Motion in Procedendo" in substance requesting that the case be returned or dismissed because the trial court lacked jurisdiction due to an improper appellate bond. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1998) ("[W]e look to the substance of a motion to determine the relief sought, not merely its title.").

5

confer jurisdiction on appeal." *Skidmore v. State*, 37 S.W. 859, 860 (Tex. Crim. App. 1896).

## B. Analysis

Appellant has not shown compliance with the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 27.14(b), 45.0425, 45.0426. There is no indication in the record that appellant ever requested the amount of a bond that the justice court would approve. *See id.* at art. 27.14(b). Instead, appellant filed the minimum bond amount and submitted it to the justice of the peace. As that court was in session and appellant failed to request the amount the court would approve, appellant was required to obtain the approval of the bond from the justice of the peace to properly perfect his appeal. *See id.* at art. 45.0425. The bond so filed by appellant was not approved, as evidenced by a lack of signature by the justice of the peace.

Because appellant failed to request the amount of the bond that would be approved by the justice of the peace and failed to obtain approval for the bond submitted to that court, his bond is inadequate and fails to perfect his appeal. *See id.* at arts. 45.0425, 45.0426.[3] As a "legal and sufficient bond" is required to confer jurisdiction, here the county court lacked jurisdiction to consider the appeal and properly returned the case to the justice court. *See Skidmore*, 37 S.W. at 860; *Lopez v. State*, 649 S.W.2d 165, 166 (Tex. App.—El Paso 1983, no pet.).

Appellant argues that it was improper for the county court to dismiss his appeal because of an inadequate bond, citing *Comunidad Corporation v. State*, 445

---

[3] To the extent that appellant argues that the filing of any bond within ten days is sufficient to perfect his appeal, he ignores that article 45.0425 defines an "appeal bond" for purposes of 45.0426. *See* Tex. Code Crim. Proc. arts. 45.0425 (entitled "Appeal Bond" and listing requirements for such a bond), 45.0426 ("When **the appeal bond** has been filed . . . ." (emphasis added)).

6

S.W.3d at 404–08. In its sole issue on appeal, Comunidad argued that the trial court erred in dismissing the case for lack of jurisdiction when the appellate bond was proper and sufficient at the time it was filed and the appeal had been properly perfected. *Id*. at 404. On the State's motion, the county court dismissed the appeal after the surety died and the bond was no longer valid, without giving Comunidad any time to file a new bond. *Id*. On appeal, Comunidad argued that it complied with the relevant statutes and properly perfected its appeal and the State did not disagree. *Id*. at 405. The State instead argued that the death of the surety made the bond unacceptable and the "county court at law's properly perfected jurisdiction evaporated once the surety died and the court found the bonds unacceptable." *Id*. The appellate court disagreed. *Id*. Distinguishing two cases in which the *initial bond* was inadequate, the court held that the county court was not compelled to dismiss the case once the bond became inadequate but could and should have issued an order allowing Comunidad to cure the bond rendered defective due to the death of the surety. *Id*. at 406–07 (citing Tex. Code of Crim. Proc. art. 44.15). *Comunidad* is distinguishable because in this case appellant's initial bond was inadequate to perfect the appeal.

Appellant next argues that the lack of signature is harmless in this case, citing to *Bess v. State*, No. 14-96-01053-CR, 1998 WL 208857 (Tex. App.— Houston [14th Dist.] Apr. 30, 1998, no pet.) (not designated for publication).[4] *Bess* involved a defendant's plea under article 1.15 of the Texas Code of Criminal Procedure. In *Bess*, the court concluded that the lack of the judge's signature on the plea was error subject to a harm analysis. *See id* at *6. After reviewing the record, the appellate court concluded such error was harmless because the record showed that the judge had actually approved the plea, the waivers, and agreement

_____

[4] We note that this case is unpublished and without precedential value. *See* Tex. R. App. P. 47.7(a). Nevertheless, we distinguish it from the facts presented herein.

7

to stipulate. *Id*. at \*7. Unlike *Bess*, here there is no indication in the record that the justice court ever approved the appeal bond filed by appellant. *See Skidmore*, 37 S.W. at 860; *Lopez*, 649 S.W.2d at 166 (concluding lack of the defendant's signature of appeal bond was sufficient to render appeal bond ineffective to confer jurisdiction in the county court and affirming dismissal of appeal). Further, we disagree that by merely preparing the record of the proceedings to forward to the county court somehow evidences approval by the justice court of appellant's appeal bond.

Finally, appellant contends that he was denied his right to due process under both the Constitution of the United States and also due course of law under the Texas constitution, arguing that appellant "appropriately followed all the requirements under the Texas Code of Criminal Procedure to appeal his speeding ticket to the County Court." However, we have already determined that appellant failed to follow the requirements under the Texas Code of Criminal Procedure to properly perfect his appeal. Appellant does not argue that the requirements themselves deny him due process.[5] Even so, to the extent that appellant's due process claim is based upon principles of procedural due process, we observe that procedural due process in a criminal trial at a minimum requires notice and a meaningful opportunity to defend. *See Jackson v. Virginia*, 443 U.S. 307, 314 (1979); *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).

Here, appellant does not contend that he was not given sufficient notice of the State's motion. Appellant does not contend that he was unable to be heard in response to the State's motion. Instead, appellant contends that he complied with

---

[5] We note that the record fails to show that appellant ever responded to the State's motion to dismiss or requested that the county court allow him additional time to address the inadequacies of his bond.

the Texas Code of Criminal Procedure and his case was dismissed despite his compliance. As analyzed above, we disagree with appellant's contention.

Because we conclude that appellant did not comply with the Texas Code of Criminal Procedure in his attempt to perfect his appeal, does not argue he lacked any notice of the State's motion to dismiss his appeal for lack of jurisdiction, and does not argue he was denied an opportunity to be heard in response, we conclude he was not denied due process of law. *See Smith v. State*, 993 S.W.2d 408, 412 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) ("[The defendant] received notice of the bond conditions . . . and knew his bond would be revoked if he violated his bond conditions. . . . [He] had notice that the State was seeking to revoke his bond and an opportunity to be heard . . . . [The Defendant] was not denied due process.").

We overrule appellant's sole issue.

## IV. CONCLUSION

Concluding that the county court lacked jurisdiction to consider appellant's appeal from the justice court, we affirm the county court's order of dismissal.


/s/    Ken Wise
        Justice


Panel consists of Justices Wise, Spain, and Hassan.
Do Not Publish — TEX. R. APP. P. 47.2(b).