**Opinion issued May 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00046-CR**

———————————

**EX PARTE TIFFANY MARIE DUNKLE, Appellant**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 0996707A**

---

**MEMORANDUM OPINION**

Appellant, Tiffany Marie Dunkle, challenges the trial court's order denying her application for writ of habeas corpus.[1]  In three issues, appellant contends that the trial court erred in denying her habeas relief.

We dismiss for lack of jurisdiction.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8.

## Background

On August 9, 2004, after appellant, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession of marijuana of more than four ounces but less than five pounds,[2] the trial court assessed her punishment at confinement for two years and a fine of $500. The trial court then suspended appellant's sentence and placed her on community supervision for two years. Appellant was discharged from the community supervision on September 13, 2006.

On December 11, 2018, appellant filed an application for a writ of habeas corpus under Texas Code of Criminal Procedure article 11.072.[3] In her habeas application, appellant argued that her guilty plea was involuntary because her trial counsel provided her with ineffective assistance of counsel by failing to conduct an adequate investigation, failing to advise appellant of the collateral consequences of

---

[2]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(3).

[3]     *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8. Although appellant stated in her application for writ of habeas corpus that she was filing it pursuant to Texas Code of Criminal Procedure article 11.07, she filed a Memorandum of Law in Support of Application for Writ of Habeas Corpus asserting that she was entitled to habeas relief under both Texas Code of Criminal Procedure article 11.07 and article 11.072. Ultimately, the parties and the trial court agreed to treat appellant's application as a request for habeas relief under article 11.072. *See id.* art. 11.072, § 1 (establishing procedures for seeking relief from judgment of conviction ordering community supervision); *Ex parte Salim*, 595 S.W.3d 844, 854 (Tex. App.—Fort Worth 2020, no pet.) (mem. op.) (concluding trial court permissibly treated application for writ of habeas corpus incorrectly filed under Texas Code of Criminal Procedure article 11.07 as an article 11.072 habeas application).

her plea, and failing to "inquire into whether the [trial court] would place [her] on deferred adjudication." Appellant also argued that the trial court lacked jurisdiction at the time she entered her guilty plea because appellant's "waiver of indictment was not voluntary and knowing."

In response to appellant's application for writ of habeas corpus, the State asserted that appellant had failed to demonstrate that her counsel provided her with ineffective assistance and that she had suffered harm. The State also asserted that appellant could not rebut the presumption that her plea was entered voluntarily. In addition to the State's response, appellant's former trial counsel, Deborah Keyser, filed an affidavit "in response to [appellant's] petition for post[-]conviction writ of habeas corpus."

On March 22, 2019, the trial court signed the State's Proposed Findings of Fact, Conclusions of Law, and Order, adopting the recommendation that appellant's application for writ of habeas corpus be denied.

Subsequently, on April 2, 2019, appellant filed a Request for an Evidentiary Hearing, asserting that a hearing on her habeas application was necessary for the trial court to "make a credibility choice to determine whether [appellant was] entitled to [habeas] relief." Appellant further asserted that evidence presented at a hearing would contradict the assertions made by appellant's former trial counsel in her affidavit.

In response to appellant's hearing request, the State asserted that the request was untimely, the trial court was not required to hold an evidentiary hearing related to appellant's application for writ of habeas corpus, and no controverted factual issues remained. On May 3, 2019, the trial court denied appellant's request for an evidentiary hearing and requested that the parties submit proposed findings of facts and conclusions of law.[4] On May 20, 2019, the State filed its Amended Proposed Findings of Fact and Conclusions of Law, and Order, to which appellant objected.

On May 21, 2019, appellant filed a Motion to Set Aside Findings of Fact Entered on March 22, 2019, asserting that she did not receive notice of the trial court's March 22, 2019 findings of fact and conclusions of law or notice of the trial court's denial of her request for an evidentiary hearing related to her application for writ of habeas corpus until May 17, 2019. According to appellant, she was "under the impression that no action had . . . [yet] been taken" on her habeas application and she believed that the trial court had "inadvertently signed" the March 22, 2019 findings of fact and conclusions of law because, on May 16, 2019, the trial court had "indicated that it would review [appellant's] supplemental memorandum and then would inform [appellant] how the [c]ourt would rule and proposed findings could

---

[4] Following the trial court's May 3, 2019 order, appellant filed a supplemental memorandum in support of her request for an evidentiary hearing and an affidavit.

4

then be submitted." The trial court did not rule on appellant's Motion to Set Aside Findings of Fact Entered on March 22, 2019.

On December 19, 2022, appellant filed a Motion Requesting an Out of Time Appeal from the trial court's March 22, 2019 denial of habeas relief. In her motion, appellant asserted that she did not receive timely notice of the denial of her application for writ of habeas corpus. That same day, the trial court signed an order granting appellant's motion, stating:

> The Court having examined the foregoing motion, and being of the opinion that it should be granted. [It] is hereby ORDERED and ADJUDGED that [appellant] is allowed to file a notice of appeal from this Court's order dated March 22, 2019.

On January 4, 2023, appellant filed a notice of appeal from the trial court's March 22, 2019 denial of her application for writ of habeas corpus.

### Jurisdiction

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Whether we have jurisdiction is a question of law, which we review de novo. *See Comunidad Corp. v. State*, 445 S.W.3d 401, 404 (Tex. App.—Houston [1st Dist.] 2013, no pet.). When the jurisdiction of the appellate court has not been invoked, the appellate court must dismiss an appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Strange v. State*, 258 S.W.3d 184, 185 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

5

To invoke the court of appeals' jurisdiction, a defendant must timely file a notice of appeal.[5] *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012). In cases where a criminal defendant is the appellant, the notice of appeal must be filed either: (1) "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order" or (2) "within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." TEX. R. APP. P. 26.2(a). An appellate court may extend the deadline to file a notice of appeal if the defendant files a notice of appeal in the trial court and a motion for an extension of time in the court of appeals within fifteen days after the deadline to file the notice of appeal. *See* TEX. R. APP. P. 10.5(b), 26.3; *McFerran v. State*, No. 14-23-00595-CR, 2023 WL 7513859, at *1 (Tex. App. —Houston [14th Dist.] Nov. 14, 2023, no pet.) (mem. op., not designated for publication). A notice of appeal that complies with the requirements of the Texas Rules of Appellate Procedure is essential to vest the court of appeals with jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

On December 11, 2018, appellant filed an application for a writ of habeas corpus under Texas Code of Criminal Procedure article 11.072. On March 22, 2019, the trial court denied appellant habeas relief. On December 19, 2022, appellant filed

---

[5] An order denying habeas relief under Texas Code of Criminal Procedure article 11.072 is an appealable order. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8.

6

a Motion Requesting an Out of Time Appeal from the trial court's March 22, 2019 denial of her application for a writ of habeas corpus on the ground that she did not receive timely notice of the denial. The trial court granted appellant's motion, and on January 4, 2023, appellant filed her notice of appeal.

Texas Code of Criminal Procedure article 11.072 establishes the procedure for a defendant to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1; *see also Ex parte Salazar*, 510 S.W.3d 619, 625 (Tex. App.—El Paso 2016, pet. ref'd). A trial court has original jurisdiction to grant a writ of habeas corpus filed under article 11072. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1; *see also Ex parte Hiracheta*, 307 S.W.3d 323, 325 (Tex. Crim. App. 2010) (defendant must file application for article 11.072 writ of habeas corpus in trial court in which community supervision was imposed). This includes jurisdiction over a habeas application in which the defendant seeks an out-of-time appeal. *Ex parte Valdez*, 489 S.W.3d 462, 465 (Tex. Crim. App. 2016) (noting trial courts with habeas authority have power to grant out-of-time appeal and holding "a trial court is authorized to reset the clock for an out-of-time P[etition] [for] D[iscretionary] R[eview] should such relief be necessary through a meritorious application for a writ of habeas corpus").

Thus, for a defendant who misses her deadline to file a notice of appeal and seeks an out-of-time appeal from the trial court's denial of habeas application filed under Texas Code of Criminal Procedure article 11.072, the procedure is to file another application for a writ of habeas corpus seeking that relief. *See Ex parte Sanders*, No. 05-20-00729-CR, 2021 WL 1115541, at *1 (Tex. App.—Dallas Mar. 24, 2021, no pet.) (mem. op., not designated for publication) (trial court has original "jurisdiction over a habeas application in which the [defendant] seeks an out-of-time appeal"); *Ex parte Salim*, 595 S.W.3d 852, 857 (Tex. App.—Fort Worth Jan. 16, 2020, no pet.) (mem. op.) (affirming trial court's "order on [habeas] [a]pplication [t]hree granting the out-of-time appeal of the denial of relief on [habeas] [a]pplication [o]ne"); *Chacon v. State*, No. 02-16-00012-CR, 2016 WL 5443358, at *1 (Tex. App.—Fort Worth Sept. 29, 2016, pet. ref'd) (mem. op., not designated for publication) (trial court granted appellant's second application for writ of habeas corpus requesting out-of-time appeal from denial of first application for writ of habeas corpus.).

Here, however, in seeking an out-of-time appeal from the trial court's March 22, 2019 denial of habeas relief, appellant did not follow the proper procedure. Instead of filing a subsequent application for writ of habeas corpus seeking an out-of-time appeal, appellant filed a motion in the trial court. Because the trial court has original jurisdiction to grant or deny a habeas application in which the defendant

seeks an out-of-time appeal, appellant was required to file a subsequent application for writ of habeas corpus in order to invoke the trial court's original habeas jurisdiction. Accordingly, we conclude that the trial court was without jurisdiction to grant appellant's motion for an out-of-time appeal from the March 22, 2019 denial of habeas relief, rendering the trial court's December 19, 2022 order void.[6] *See Flores v. State*, 679 S.W.3d 695, 697 (Tex. Crim. App. 2023) ("Actions taken by a court without jurisdiction are void.").

Accordingly, without a valid order granting appellant the right to an out-of-time appeal, appellant's notice of appeal is untimely, and this Court lacks jurisdiction over appellant's appeal. *See Slaton*, 981 S.W.2d at 210 ("If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal.").

---

[6] The cases relied on by appellant in her briefing to assert that the trial court had jurisdiction to grant her motion for an out-of-time appeal due to a "breakdown in the system" are inapposite because unlike here, the defendants in those cases did file an application for writ of habeas corpus seeking an out-of-time appeal. *See e.g.*, *Ex parte Riley*, 193 S.W.3d 900, 901 (Tex. Crim. App. 2006) ("Applicant filed an application for a writ of habeas corpus, requesting leave to file an out-of-time petition for discretionary review."); *Ex parte McCarty*, No. 03-14-00575-CR, 2015 WL 2089091, at *3–4 (Tex. App.—Austin Apr. 29, 2015, no pet.) (mem. op.) (application for writ of habeas corpus for out-of-time appeal permissible remedy under article 11.072).

## Conclusion

We dismiss the appeal for lack of jurisdiction. All pending motions are dismissed as moot.

Julie Countiss
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).