### DANIEL TIERNEY V. THE STATE.

A bail-bond must contain all the substantial requisites in the 264th article of the Code of Criminal Procedure. (Paschal's Dig., Arts. 2732, 2759, Notes 707, 712.)

ERROR from Harris. The case was tried before Hon. JAMES LOVE, judge of the criminal court of Harris and Galveston counties.

The facts are sufficiently set forth in the opinion of the chief justice.

*W. S. Oldham*, for the plaintiff in error, cited the Code of Criminal Procedure, articles 264, 292, and The State v. Foster, 27 Tex., 236.

No brief for the state has been furnished to the *Reporter*.

MORRILL, C. J.—On the 11th November, 1866, the following document was executed:

"THE STATE OF TEXAS, ⎱
    *Harris County.*     ⎰

. "*Know all men by these presents:* That we,——, as principal, and we,——, as sureties, are bound and firmly held in the just and full sum of $5,000 to the State of Texas. Given under our hands this 11th day of November, 1866. The considerations of the above bond are, that Daniel Tierney shall be and appear at the next regular term of the criminal court for Harris county. Now, if the said Tierney shall appear before the court from day to day until the case is disposed of, this bond and all herein contained shall be null and void, otherwise to remain in full force and effect.

                    "J. B. HARRIS.
                    "C. BYNKER, jr.
                    "F. A. STEARNES.
                    "J. C. BUTCHER, M. D."

This document, or whatever it may be called, does not appear to have been taken by virtue of any precept or process, or acknowledged by or before or handed to any one.

On the 22d December, 1866, an indictment was filed in the criminal court; and sometime afterwards, but when does not appear, it was ordered by the court that the appearance-bond given by said defendant before the Hon. J. C. Butcher be declared forfeited, and that the state have and recover from Daniel Tierney, &c.

On the 17th January, 1867, a *scire facias* was issued by virtue of the judgment *nisi*, but it does not appear that it ever left the clerk's office or was executed in any way.

On the 13th February, 1867, it was ordered that the State of Texas, for the use of Harris county, have execution against the defendants, Daniel Tierney, C. Bynker, jr., J. B. Harris, F. A. Stearnes, and J. C. Butcher, for the sum of $5,000 and all costs.

One of the defendants brings the cause to this court by writ of error, and assigns as error, among others, the insufficiency of the supposed bail-bond.

The five requisites of a bail-bond are—

1st. That it be made payable to the State of Texas. 2d. That the obligors thereto bind themselves that the defendant will appear before the proper court to answer the accusation against him. 3d. That the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the state. 4th. That the bond be signed by the principal and sureties, or, in case all or either of them cannot write, then that they affix thereto their marks. 5th. That the bond state the time and place when and where the accused binds himself to appear and the court before which he is to appear.

As the so-called bail-bond did not purport to be executed by the principal, as the offense was not named therein, as it did not appear that the defendant was accused

of any offense against the laws of the state—for each and all of these reasons the judgment of the criminal court was erroneous, and the same is

REVERSED AND REMANDED.