## WASH HOLLAND v. THE STATE.

### No. 3061. Decided June 14, 1905.

**Appeal from Justice to County Court—Appeal Bond.**

Where in an appeal from the justice to the county court, the difference between the stipulations in the bond given, and that set out in the Act of the 27th Legislature, p. 291, is found in the fact that the law states, "that said defendant has appealed to the county court," whereas the bond recites, "that said defendant has given notice of appeal to the county court," it was error to dismiss the appeal, as there was no substantial difference between the two expressions.

Appeal from the County Court of Falls. Tried below before Hon. D. H. Boyles.

Appeal from a dismissal on account of defective appeal bond.

The opinion states the case.

*Bounds & Lewellyn,* and *Rice & Bartlett,* for appellant.—Article 889, Code Crim. Proc., as amended Gen. Laws 27th Leg., 291 c. 124.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This case arose in the justice court. After conviction, appeal was taken to the county court, where, upon motion of the county attorney, the appeal was dismissed on the ground that the appeal bond was not sufficient. This is the question suggested for revision. A sufficient extract from that bond may be necessary to wit: "Whereas, on the 3rd day of February, 1905, in the above styled and numbered cause, pending in said justice court of precinct No. 1 of Falls County, Texas, the said defendant Wash Holland, was convicted on a complaint charging him with a misdemeanor, and a judgment was at said time rendered and entered against said defendant, Wash Holland, that the State of Texas have and recover of said defendant, the sum of $200 fine, and all costs of said prosecution, and from which judgment said defendant has given notice of appeal to the county court of said Falls County, Texas." The motion to dismiss is based upon the alleged insufficiency of this expression, occurring in the above quotation: "Has given notice of appeal to the county court." By the Act of the 27th Legislature, page 291, it is provided, among other things, as to appeal bonds, "it shall recite that in said cause defendant was convicted on a complaint or information, charging him with a misdemeanor and has appealed to the county court, and shall be conditioned," etc. The difference between the stipulation in the bond given and that set out in the act of the Legislature is found in the fact that the law states, "that defendant has appealed to the county court," whereas the bond recites, "that said defendant has given notice of appeal to the county court." The contention here is that this is a sufficient compliance with the law. This is correct. There can be no difference substantially between the two expressions, when used in the appeal bond, the bond being the requisite in order to consummate appeals. The county court erred in dismissing the appeal. The judgment is reversed and the cause remanded for trial de novo in the county court.

*Reversed and remanded.*