### A. R. MOORE v. THE STATE.

No. 3348.    Decided December 6, 1905.

**Malicious Mischief—Appeal from Justice Court—New Appeal Bond.**

Under the Act of the Twenty-ninth Legislature, page 224, a new bond of recognizance may be filed wherever the appellate court has dismissed an appeal because of a defective recognizance; and upon an appeal from the justice court to the district court where an appeal was dismissed because of the defective appeal bond, it was error to overrule defendant's motion and request to file an amended appeal bond, and finally dismiss his appeal. See opinion for rules governing appeals to this and other courts. Following: Burton v. State, decided at this term.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a dismissal of an appeal from the justice court of a conviction of malicious mischief; penalty, a fine of $25.

The opinion states the case.

*Brockman & Kahn,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This record shows that appellant was convicted in the justice's court of the offense of malicious mischief, and appealed to the Criminal District Court of Harris County. The county attorney filed a motion to quash or dismiss the appeal because the bond was defective, in that it was not in double the amount of the fine and costs in the court below. The bond was for $25. The court sustained the motion to quash and dismissed the appeal. Thereupon appellant filed in the Criminal District Court of Harris County a request for permission to file an amended appeal bond, and attached to said motion a new bond in lieu of his original appeal bond filed in the court below, and duly approved by the court below. The court refused to hear appellant's motion to file the amended appeal bond until after he had entertained the State's motion to quash the original appeal bond, and subsequently overruled defendant's motion and request to file said amended bond, and dismissed the appeal and ordered procedendo to issue to the court below to collect the fine and costs. In this action of the court there was

error.   The Acts of the Twenty-Ninth Legislature (Gen. Laws, p. 224) provide for the filing of a new bond or *recognizance* wherever the appellate court has dismissed an appeal because of a defective recognizance.   In Ace Burton v. State, decided at the present term, we laid down rules and regulations as prescribed by said act of the Legislature, governing appeals to this court where there had been a defective recognizance entered into.   We hereby prescribe the same rules to govern the filing of a bond in the justice or mayor's court for appeal to the county or criminal district court, as the case may be, so far as the same may be applicable.   And further suggest that upon the giving of a new bond approved by the justice, in the terms provided by law, said criminal district court, if in session, or the judge of said court if not in session, shall order said bond to be filed among the papers, and the case shall thereafter be proceeded with in the same manner as if said bond was not defective.   The court having failed to allow appellant the privilege of availing himself of the provisions of the acts of the last Legislature, the judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*