No. 3127. Decided May 9, 1906.

**Appeal Bond—Notice of Appeal—Statutes Construed.**

.Under the Act of the Twenty-seventh Legislature, page 291, an appeal from the justice to the county court in which the appeal bond set out the number and style of the case in the justice court, and number of precinct, name of county and State, and that there was a judgment rendered against defendant convicting him of the offense of unlawfully carrying on and about his person a pistol, a misdemeanor, and that he gave notice of appeal to the county court of the proper county, the same was sufficient.

Appeal from the County Court of Bosque. Tried below before Hon. P. S. Hale.

Appeal from a conviction of unlawfully carrying on and about his person a pistol; penalty, a fine of $25.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*J. E. Yantis*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted in the justice's court and prosecuted his appeal to the county court. In the county court a motion was made to quash the complaint, whereupon the State filed a motion to dismiss the appeal on the ground that the appeal bond was not sufficient. Two grounds were urged; first, that the judgment of the lower court was not properly described in the appeal bond; and second, that it does not recite that appellant has appealed to the county court. We do not believe either of the grounds are well taken. The appeal bond sets out the number and style of the case, "The State of Texas vs. D. R. McCarty, No. 600, in justice's court, precinct number two, Bosque County, Texas"; and then proceeds to state there was a judgment rendered against defendant convicting him of the offense of unlawfully carrying on and about his person a pistol, a misdemeanor, upon complaint charging him with a misdemeanor, filed in the justice court, and that the State of Texas, recover, etc. In regard to the second phase of it, it states, "said defendant has given notice of appeal to the county court of Bosque County." We think this bond is sufficient on both grounds. Act 27th Legislature, page 291; Holland v. State, 13 Texas Ct. Rep., 640; 88 S. W. Rep., 361. There was error on the part of the trial court dismissing the appeal. The judgment is reversed and the cause remanded for trial de novo.

*Reversed and remanded.*