### C. O. NELSON v. THE STATE.

#### No. 4116.   Decided May 19, 1909.

**Disturbing Public Peace—Appeal Bond—County Court.**
Where upon appeal from the justice to the county court the appeal was dismissed for want of a sufficient appeal bond, and thereupon appellant tendered a sufficient appeal bond under the Act of the Twenty-ninth Legislature p. 224, the court erred in refusing to accept same and in dismissing the appeal. Following Moore v. State, 49 Texas Crim. Rep., 43, and other cases.

Appeal from the County Court of Bosque.   Tried below before the Hon. P. S. Hale.

Appeal from a conviction of disturbing the public peace; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted in the Justice Court for cursing and swearing in a manner calculated to disturb the inhabitants of a public place. On appeal to the County Court the appeal was dismissed for want of a sufficient appeal bond, in that the appeal bond recited the first Monday, instead of the third Monday of the month as the time at which the County Court was to be held. To meet this motion to dismiss the appeal appellant tendered a sufficient appeal bond. The court declined to accept this bond and the appeal was dismissed. Error is assigned upon this ruling of the court. We are of opinion the court should have accepted the appeal bond as tendered, under the Act of the Twenty-Ninth Legislature, p. 224. This Act of the Legislature has been construed by this court, and appellant brought himself strictly within the terms of the statute and decisions of this court. Moore v. State, 49 Texas Crim. Rep., 43; Burton v. State, 48 Texas Crim. Rep., 544; Chancey v. State, 48 Texas Crim. Rep., 535. The court should have permitted the appeal bond to be filed and have accorded the appellant the right to be tried *de novo* in the County Court.

The judgment is reversed, and the cause is remanded for a trial upon the merits of the case.

*Reversed and remanded.*