## OTHER MOSLEY v. THE STATE.

No. 20930   Delivered March 27, 1940.
On Rehearing April 24, 1940.
On Appellant's Motion to Reinstate Appeal May 29, 1940.

The opinion states the case.

*Jack Ellington,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft of hogs; the punishment, confinement in the penitentiary for two years.

After the adjournment of court, appellant filed an appeal bond, which was approved by the sheriff. The record does not disclose that the appeal bond was approved by the court trying the case. Article 818, C. C. P., requires that the appeal bond be approved by the sheriff and the court trying the case, or his successor in office. In the absence of a recognizance or appeal bond approved as the law requires, this court is without jurisdiction to pass on the merits of the case. Gonzales v. State, 298 S. W. 893.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's appeal has heretofore been dismissed because of a defective appeal bond in that it does not appear therefrom that such bond was approved by the court trying the case.

There is nothing offered in his motion that changes the record as above outlined, but the appellant requests the granting of sufficient time to file a new appeal bond properly authenticated by the signature of the sheriff and trial court. This we have the power to do under the cases of Willoughby v. State, 219 S. W. Rep. 468, and Grafft v. State, 113 S. W. (2d) 546.

The motion for rehearing will be overruled, and appellant's motion to be allowed to file a proper obligation for appeal in case his motion herein for a hearing is overruled is granted, and appellant is allowed 20 days after the entry of this order in which to make and file with the clerk of the district court of San Jacinto County, Texas, an appeal bond substantially as required by law, and to have a copy of said bond, certified by the clerk of said court, filed with the record in this cause in this court, in which event the said appeal will be held to have been perfected, failing which, the order of dismissal herein will stand, and the clerk of this court will at once notify the attorneys of record of appellant of this order.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

About the 10th of December, 1937, Abe Jenkins lost 10 hogs. He later recovered two of these hogs in Houston. According to the testimony of the State, these hogs had been stolen by Willie James McBride, Bit Allen, and appellant. They were later carried to Houston and sold. It was appellant's version that one Josh Davis sold the hogs to Bit Allen; that he (appellant) helped pen the hogs without knowledge that they had been stolen.

The evidence is deemed sufficient to support the conviction.

Appellant filed an application for a continuance based upon the absence of Bit Allen. In qualifying the bill of exception relating to the continuance the trial court uses language as follows:

"Because the said Bit Allen, who was defendant's co-principal, was tried at a former term of this court and was convicted of the same offense, and was serving his sentence at the time of this trial, and by reason of such conviction, he was prohibited, under Article 711 of the Code of Criminal Procedure, from testifying in the behalf of this defendant. Since the said Bit Allen had been convicted as a co-principal, the court could not and would not have permitted the said Bit Allen to have testified in the behalf of this defendant had he been present."

As qualified, the bill fails to reflect error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.