

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-12-00323-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | County Criminal Court at Law Number |
| ANDREW HOWARD LEE, | § | Two |
| Appellee. | § | of El Paso County, Texas |
| | § | (TC# 20110C05067) |

**O P I N I O N**

The State of Texas appeals from the trial court's order dismissing the case against Appellee, Andrew Howard Lee, for lack of jurisdiction. We reverse and remand.

**BACKGROUND**

By complaint and information, Appellee was charged with the offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2013). Appellee filed a motion to suppress evidence seized without a warrant in which he sought to suppress all evidence seized that resulted in his "indictment" and all post-arrest tests conducted by law enforcement officers, and complained that the evidence was seized without a warrant in violation of the United States

and Texas Constitutions, and articles "1.6" and 38.23 of the Texas Code of Criminal Procedure.[1] *See* U.S. CONST. amend. IV, XIV; TEX. CONST. art. 1, § 9; TEX. CODE CRIM. PROC. ANN. art. 1.06, 38.23 (West 2005). The motion also asserted that the search was without probable cause or exigent circumstances and, in the absence of a search warrant or an exception to the search warrant requirement, any seized evidence was inadmissible.

During hearings on the motion to suppress, Appellee asserted that the trial court lacked jurisdiction over the case because the jurat on a supplemental police report subtitled "Complaint Affidavit" of El Paso Police Department Officer I. Rodriguez did not bear a magistrate's signature. After the trial court granted Appellee's suppression motion, the State filed a motion to reconsider and brief in support. During the hearing on the State's motion, Appellee continued to urge his objection that the trial court had no jurisdiction over the case because no judicial magistrate's signature was included on the second page of the police officer's Complaint Affidavit. The trial court set aside its suppression order and ordered that the hearing on the motion to suppress continue, and heard the motion over two additional days in November and December 2011. Appellant continued to urge his jurisdictional challenge but the trial court did not rule on it.

The case proceeded to trial on October 22, 2012. After a jury was sworn, Appellee moved to strike the information "based on an invalid information which consequently [deprived the court]

---

[1] The Code of Criminal Procedure does not contain an article 1.6. However, article 1.06 provides:

> The people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches. No warrant to search any place or to seize any person or thing shall issue without describing them as near as may be, nor without probable cause supported by oath or affirmation.

TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2005).

2

of any jurisdiction to hear this lawsuit or to continue the trial[.]"[2]  After reciting article 21.22 of the Texas Code of Criminal Procedure to the trial court, Appellee requested that the trial court take judicial notice that the police officer's supplemental report bearing the subheading "Complaint Affidavit" did not bear a magistrate's signature on the jurat.[3]  After noting that it had the referenced documents, the trial court granted Appellee's motion to dismiss the case and signed an order dismissing the case for want of jurisdiction.   The record does not demonstrate that Appellee ever filed any written motions to quash the information or dismiss the case for want of jurisdiction.

## DISCUSSION

In its sole issue, the State asserts the trial court erred in ruling that it lacked jurisdiction. Having applied a *de novo* standard of review to the trial court's application of law to the facts in this case, we agree.   *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

The Code of Criminal Procedure requires that "[u]pon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney."[4]  TEX. CODE CRIM. PROC. ANN. art. 2.04 (West 2005).   If the offense alleged is a misdemeanor, the district or county attorney prepares an

---

[2] Article 1.14(b) of the Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005).
[3] The document was signed by the officer and was sworn to before a notary.
[4] The legislature has expressly authorized district and county attorneys to administer oaths for the purposes of articles 2.04 and 2.05 of the Code of Criminal Procedure.   TEX. CODE CRIM. PROC. ANN. art. 2.04, 2.05, 2.06 (West 2005); *see also* TEX. GOV'T CODE ANN. § 41.103 (West 2004) (assistant prosecuting attorney may perform all duties imposed by law on the prosecuting attorney).

information based upon such complaint and files it in the court having jurisdiction.[5]  TEX. CODE CRIM. PROC. ANN. art. 2.05 (West 2005).   If the alleged offense is a felony, the complaint is to be filed with a magistrate of the county.   TEX. CODE CRIM. PROC. ANN. art. 2.05 (West 2005).

An "information" is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.[6]  TEX. CODE CRIM. PROC. ANN. art. 21.20 (West 2009).   Article 21.22 of the Code of Criminal Procedure provides that no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense.   TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2009).   The affidavit must be filed with the information and may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.   TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2009).   The affidavit made before the magistrate or district or county attorney is called a "complaint" if it charges the commission of an offense.[7]  TEX. CODE CRIM. PROC. ANN. art. 15.04 (West 2005).

The Texas Constitution provides that "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause."   TEX. CONST. art. V, § 12.   An information is considered presented, when it has been filed by the proper officer in the proper court.   TEX. CODE CRIM. PROC. ANN. art. 12.07 (West 2005) (also establishing that practice and procedures relating to use of indictments and informations, including their contents, amendment,

---

[5]  Driving while intoxicated is a misdemeanor offense.   TEX. PENAL CODE ANN. § 49.04(b), (c), (d) (West Supp. 2013).

[6]  Article 21.21 of the Code of Criminal Procedure enumerates the requisites of a sufficient information.   TEX. CODE CRIM. PROC. ANN. art. 21.21 (West 2009).

[7]  Article 15.05 of the Code of Criminal Procedure sets forth the requisites of a sufficient complaint.   TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005).

sufficiency, and requisites, are as provided by law).

We have reviewed the complaint and information before us and have determined that each complies with the requisite statutory requirements. The complaint made against Appellee was sworn to before an Assistant District Attorney, who signed the complaint and prepared a duly executed information which was filed in a court having jurisdiction of the cause. TEX. CONST. art. V, § 12. Because the presentment of the information vested the trial court with jurisdiction of this misdemeanor case, the trial court erred in dismissing the case for want of jurisdiction. The State's sole issue is sustained.

## CONCLUSION

The trial court's order dismissing the case for want of jurisdiction is reversed and the case is remanded to the trial court.


GUADALUPE RIVERA, Justice

June 25, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Publish)

5