# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-23-00665-CR
NO. 03-23-00666-CR
NO. 03-23-00667-CR
NO. 03-23-00668-CR
NO. 03-23-00669-CR
NO. 03-23-00670-CR
NO. 03-23-00671-CR
NO. 03-23-00672-CR
NO. 03-23-00673-CR
NO. 03-23-00674-CR
NO. 03-23-00675-CR
NO. 03-23-00676-CR
NO. 03-23-00677-CR
NO. 03-23-00678-CR
NO. 03-23-00679-CR
NO. 03-23-00680-CR
NO. 03-23-00681-CR
NO. 03-23-00682-CR
NO. 03-23-00683-CR
NO. 03-23-00684-CR
NO. 03-23-00685-CR
NO. 03-23-00686-CR
NO. 03-23-00687-CR
NO. 03-23-00688-CR
NO. 03-23-00689-CR
NO. 03-23-00690-CR
NO. 03-23-00691-CR
NO. 03-23-00692-CR
NO. 03-23-00693-CR
NO. 03-23-00694-CR
NO. 03-23-00695-CR
NO. 03-23-00696-CR
NO. 03-23-00697-CR
NO. 03-23-00698-CR
NO. 03-23-00699-CR
NO. 03-23-00700-CR
NO. 03-23-00701-CR
NO. 03-23-00702-CR
NO. 03-23-00703-CR
NO. 03-23-00704-CR
NO. 03-23-00705-CR
NO. 03-23-00706-CR

**Michael Kleinman, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 5 OF WILLIAMSON COUNTY**
**NOS. 23-03733-5, 23-03737-5, 23-03739-5, 23-03741-5, 23-03742-5, 23-03743-5, 23-03744-5,**
**23-03745-5, 23-03746-5, 23-03747-5, 23-03748-5, 23-03749-5, 23-03750-5, 23-03751-5,**
**23-03752-5, 23-03753-5, 23-03754-5, 23-03755-5, 23-03756-5, 23-03757-5, 23-03758-5,**
**23-03759-5, 23-03760-5, 23-03761-5, 23-03762-5, 23-03763-5, 23-03764-5, 23-03765-5,**
**23-03766-5, 23-03767-5, 23-03768-5, 23-03769-5, 23-03770-5, 23-03771-5, 23-03772-5,**
**23-03773-5, 23-03774-5, 23-03775-5, 23-03776-5, 23-03777-5, 23-03778-5, & 23-03779-5**
**THE HONORABLE WILL WARD, JUDGE PRESIDING**

---

### O P I N I O N

Michael Kleinman was charged with multiple counts of violating ordinances enacted by the City of Cedar Park ("City"), Texas, and violating a provision of the Texas Health and Safety Code, and he entered no-contest pleas to the Class C misdemeanors in the City's municipal court. The municipal court accepted his pleas and assessed fines and costs in each case. Kleinman appealed to the county court at law ("trial court"). After Kleinman appealed, the State filed an application for writ of procedendo asking that the trial court dismiss the appeals and remand the cases back to the municipal court for enforcement of final judgment. The trial court granted the requested relief, and Kleinman appeals the trial court's order. We will reverse the trial court's order and remand for further proceedings.

### BACKGROUND

Kleinman opened a store in Cedar Park called Planet K. After Kleinman opened the store, code compliance officers for the City notified him over a period of several months that

he allegedly committed seven types of Class C misdemeanor offenses proscribed by provisions of the City's Code of Ordinances and a provision of the Health and Safety Code and that he continued to violate some of those provisions over several months. *See* City of Cedar Park Tex. Code of Ordinances § 1.01.009 (explaining that each day of noncompliance qualifies as separate violation). Specifically, the notices informed Kleinman that he committed the following forty-two violations:

1. thirteen violations for intentionally, knowingly, or recklessly using land, building, structures, or appurtenances within the City in violation of zoning regulations prohibiting businesses in that area from selling products commonly used, intended to be used, or commonly known to be used for the ingestion, inhalation, preparation, or injection of illegal drugs. *See id.* §§ 11.01.032, .02.064; *see also id.* § 11.09.001 (defining "head shop");

2. thirteen violations for intentionally, knowingly, or recklessly operating a business without a permanent certificate of occupancy having been issued. *See id.* § 3.02.006;

3. twelve violations for erecting and installing or permitting the erection and installation of a prohibited two pole sign. *See id.* § 13.05.002(11);

4. one violation for intentionally, knowingly, or recklessly failing to provide the minimum number and type of plumbing fixtures required for mercantile occupancy. *See id.* § 3.01.001(c); International Code Council, Inc., *International Plumbing Code* § 403.1 (2021 ed.);

5. one violation for intentionally, knowingly, or recklessly failing to provide and maintain sanitary toilet accommodations at a retail establishment open to the public. Tex. Health & Safety Code § 341.061;

6. one violation for intentionally, knowingly, or recklessly failing to provide employees, customers, patrons, and visitors with the required minimum public and employee toilet facilities in a structure intended for public utilization. *See* City of Cedar Park Tex. Code of Ordinances § 3.01.001(c); International Code Council, Inc., *International Plumbing Code* § 403.3 (2021 ed.); and

7. one violation for intentionally, knowingly, or recklessly failing to maintain the existing plumbing fixtures in proper operating condition in accordance with the original design in a safe and sanitary condition. *See* City of Cedar Park Tex. Code of Ordinances § 3.01.001(c); International Code Council, Inc., *International Plumbing Code* § 102.3 (2021 ed.).

3

After Kleinman was notified of the violations, the State issued complaints formally charging him with the violations listed above.

On August 2, 2023, Kleinman pleaded no contest to the forty-two violations of the seven Class C misdemeanors in the City's municipal court. Under the plea paperwork, Kleinman agreed "to pay the penalty prescribed for the offense[s] as charged." After accepting Kleinman's pleas, the municipal court entered judgments on August 3, 2023, finding him guilty and ordering him to pay fines, fees, and costs. In total, the municipal court ordered Kleinman to pay $38,757 in fines and costs for the forty-two violations.[1] Kleinman decided to appeal the forty-two convictions to the trial court for a trial de novo. *See* Tex. Code Crim. Proc. art. 45.042. As part of that process, Kleinman filed a limited power of attorney authorizing Roland DeNoie "to perform any and all acts necessary to effectuating posting and perfecting appeal bonds" in the cases. Kleinman also filed on August 10, 2023, appeal bonds for each conviction for double the amount of the total fine and costs assessed against him in each case. The appeal bonds were signed by DeNoie purportedly "as attorney in fact for Michael Kleinman" and by a surety, but Kleinman did not sign the appeal bonds. After receiving the appeal bonds, the municipal court judge did not approve the bonds and did not sign them; on the contrary, the box next to "Not approved" was checked, and the date written for the date of nonapproval was August 18, 2023. The phrase "Not Signed In Person By Principal" appears next to the date of nonapproval.

After Kleinman filed the appeal bonds as part of his appealing the convictions to the trial court, the State filed an application for writ of procedendo, arguing that the trial court

---

[1] The record reflects that there was an additional alleged violation for erecting and installing or permitting the erection and installation of a prohibited two pole sign and that the trial court ordered Kleinman to pay $326 for the associated fine and costs. However, that additional conviction in municipal docket number 2022001878 was not appealed and is, therefore, not part of this case.

did not have jurisdiction over the appeals because the appeal bonds were insufficient to perfect the appeals and requesting that the trial court remand the appeals to the municipal court for enforcement of the final judgments. The trial court held a hearing on the motion in which the State argued that the appeal bonds were insufficient and that without an effective appeal bond, the trial court had no jurisdiction over the appeals from the municipal court. In response, Kleinman argued that his attorney in fact had been given the authority to execute the appeal bonds and that the bonds were valid. Additionally, he contended that he would have made any necessary corrections to the appeal bonds but that he did not learn of the alleged deficiencies until August 21, 2023, which was after the ten-day deadline for filing an appeal bond with the municipal court. Alternatively, he argued that the trial court had jurisdiction to allow him to file new appeal bonds correcting the alleged defects if necessary, and he attached to his responses appeal bonds that had his signature on them rather than DeNoie's. After considering the parties' arguments, the trial court granted the relief requested by the State by dismissing Kleinman's appeals and remanding the cases to the municipal court for enforcement of final judgment, and the trial court signed an order granting the State's application for writ of procedendo.

Following its ruling, the trial court issued findings of fact and conclusions of law supporting its judgment, including the following:

Findings of Fact

. . .

5. Defendant's counsel submitted surety appeal bonds in the amounts authorized by the Municipal Court in each cause on August 10, 2023.

6. Roland DeNoie signed as Principal each appeal bond, listing his capacity as Defendant's attorney-in-fact.

7. The Cedar Park Municipal Court judge did not approve the appeal bonds.

5

8. Defendant did not personally sign the appeal bonds in these causes.

9. The Cedar Park Municipal Court is not a municipal court of record.

Conclusions of Law

. . .

5. Article 17.08 of the Code of Criminal Procedure states the requisites of a bail bond and requires that "the bond be signed by name or mark by the principal and sureties, if any, each of whom shall write thereon his mailing address." Tex. Code Crim. Pro[c]. art. 17.08(4).

. . .

7. An appeal from a municipal court of non-record is perfected when the appeal bond has been filed with the judge who tried the case not later than the 10th day after the date the judgment was entered. Tex. Code Crim. Proc. art. 45.0426(a).

8. If an appeal bond is not timely filed, the appellate court does not have jurisdiction over the case and shall remand the case to the municipal court for execution of the sentence. Tex. Code Crim. Pro[c]. art. 45.0426(b).

. . .

11. The Defendant's signature or mark on the appeal bond must have been made personally.

. . .

13. The judge of the Cedar Park Municipal Court did not approve the appeal bonds.

14. The appeal bonds are insufficient to give this Court jurisdiction over the appeals from the Cedar Park Municipal Court.

15. The time to amend the appeal bonds in the Cedar Park Municipal Court under article 45.0426(a) expired.

16. Because this Court lacks jurisdiction, this Court is without power to amend the appeal bonds.

17. The State's Application for Writ of Procedendo is GRANTED in accordance with this Court's order entered on October 13, 2023.

Kleinman appeals the trial court's orders.

6

## GOVERNING LAW

Kleinman appeals the trial court's granting of the State's application for writ of procedendo. A writ of procedendo is "[a] higher court's order directing a lower court to determine and enter a judgment in a previously removed case." *In re Borunda*, 528 S.W.3d 149, 151 n.3 (Tex. App.—El Paso 2017, orig. proceeding) (quoting Black's Law Dictionary 1397 (10th ed. 2014)); *see Cavazos v. Hancock*, 686 S.W.2d 284, 285 n.1 (Tex. App.—Amarillo 1985, orig. proceeding) (explaining that writ of procedendo is order by appellate court directing "an inferior court to execute judgment"). Appellate courts review a ruling on a writ of procedendo under an abuse-of-discretion standard. *See Shelley v. State*, No. 14-21-00164-CR, 2023 WL 1988445, at *2 & n.2 (Tex. App.—Houston [14th Dist.] Feb. 14, 2023, no pet.) (mem. op., not designated for publication). Under that standard, when presented with a pure question of law or when the facts are undisputed, appellate courts review a trial court's ruling de novo. *See Davis v. State*, 74 S.W.3d 90, 95 (Tex. App.—Waco 2002, no pet.).

The trial court determined that it did not have jurisdiction over the appeal from the municipal court. Whether a court has jurisdiction is a question of law that we review de novo. *See State v. Lee*, 437 S.W.3d 910, 911 (Tex. App.—El Paso 2014, pet. ref'd); *Bell v. State*, 569 S.W.3d 241, 244 (Tex. App.—Houston [1st Dist.] 2018), *vacated on other grounds*, No. PD-1383-18, 2021 WL 2677442, at *1 (Tex. Crim. App. June 30, 2021) (op., not designated for publication). An appellate court has "jurisdiction to review an order of a county court dismissing an appeal from an inferior court." *Comunidad Corp. v. State*, 445 S.W.3d 401, 404 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see also* Tex. Code Crim. Proc. art. 44.02 (explaining that "[a] defendant in any criminal action has the right of appeal under the rules hereinafter prescribed); *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018) (noting that "[g]enerally speaking,

a criminal defendant has a statutory right to appeal"). Resolution of the jurisdictional question presented here involves statutory construction, which is a question of law that we also review de novo. *See State v. Donaldson*, 557 S.W.3d 33, 40 (Tex. App.—Austin 2017, pet. ref'd).

## DISCUSSION

On appeal, Kleinman contends that the trial court erred by granting the State's application for writ of procedendo. Specifically, he argues that the trial court erred by concluding that it lacked jurisdiction to allow him to amend the appeal bonds under article 44.15 and by dismissing the appeal and remanding the case to the municipal court. In response, the State argues that the trial court properly granted its application for writ of procedendo because Kleinman did not comply with the statutory requirements for filing an appeal bond and, therefore, the trial court did not have jurisdiction over the appeals. Specifically, the State urges that Kleinman failed to personally sign the appeal bonds as the principal and failed to obtain the approval of the municipal court. Because the bonds purportedly did not comply, the State contends that they were defective from their inception. Accordingly, the State insists that article 44.15 does not apply and "does not confer jurisdiction on a county court in a *de novo* appeal when a valid appeal bond never existed." Alternatively, the State argues that even if article 44.15 applied, it authorizes but does not require a court to give an appellant the opportunity to amend the bonds. Based on this construction, the State contends that the trial court's dismissal due to "faulty appeal bonds is not an abuse of discretion."

In determining whether the trial court had jurisdiction over the appeals, we must construe the statutory provisions pertaining to appeal bonds. "The overarching rule of statutory construction is that we construe a statute in accordance with the plain meaning of its text unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not

8

possibly have intended." *Ex parte Vela*, 460 S.W.3d 610, 612 (Tex. Crim. App. 2015). "In ascertaining the plain meaning of a word, we read words and phrases in context and construe them according to the rules of grammar and usage." *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008); *see* Tex. Gov't Code § 311.011 (addressing common and technical usage of words in construing codes). Appellate courts also interpret statutes "together and harmonized, if possible," to give effect to all of the statutory provisions. *See Ex parte Gill*, 413 S.W.3d 425, 430 (Tex. Crim. App. 2013). Appellate courts "presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *O'Brien v. State*, 544 S.W.3d 376, 384 (Tex. Crim. App. 2018).

Article 27.14 of the Code of Criminal Procedure generally requires that in cases in which a defendant pleads guilty or nolo contendere in a misdemeanor case, "[t]he court shall notify the defendant either in person or by regular mail of the amount of any fine or costs assessed in the case . . . and, if requested by the defendant, the amount of an appeal bond that the court will approve." Tex. Code Crim. Proc. art. 27.14(b). Chapter 45 of the Code governs proceedings in justice and municipal courts and establishes additional requirements for appealing judgments from those courts. *See id.* art. 45.002. That chapter requires that an appeal bond be filed as part of any appeal and requires that the "bond may not be less than two times the amount of the fine and costs adjudged against the defendant." *Id.* art. 45.0425(a); *see also id.* art. 27.14(b) (requiring appeal bond). "If the appeal bond otherwise meets the requirements of this code, the court without requiring a court appearance by the defendant shall approve the appeal bond . . . ." *Id.* art. 45.0425.

"When the appeal bond has been filed with the justice or judge who tried the case not later than the 10th day after the date the judgment was entered, the appeal in such case shall

9

be held to be perfected." *Id.* art. 45.0426(a).  However, "[i]f an appeal bond is not timely filed, the appellate court does not have jurisdiction over the case and shall remand the case to the justice or municipal court for execution of the sentence." *Id.* art. 45.0426(b); *see also Skidmore v. State*, 37 S.W. 859, 860 (Tex. Crim. App. 1896) (explaining that "[a] legal and sufficient bond [is] necessary to confer jurisdiction on appeal").

Although Chapter 45 sets out specific requirements that must be complied with for trials in justice and municipal courts, it also recognizes that it does not set out all necessary procedural rules.  Tex. Code Crim. Proc. art. 45.002.  Specifically, it requires that if it "does not provide a rule of procedure governing any aspect of a case, the justice or judge shall apply the other general provisions of this code to the extent necessary to achieve the objectives of this chapter." *Id.*  Chapter 45 does not set out the requirements of a bond, but article 17.08 does. *See id.* art. 17.08.  In this case, it is not alleged that the appeal bonds failed to comply with the directives of article 17.08 except for the requirement that a bond "be signed by name or mark by the principal . . . who shall write thereon his mailing address." *Id.*

Additionally, a general provision governing appeal bonds allows the bonds to be amended as follows:

> When an appeal is taken from any court of this State, by filing a bond within the time prescribed by law in such cases, and the court to which appeal is taken determines that such bond is defective in form or substance, such appellate court may allow the appellant to amend such bond by filing a new bond, on such terms as the court may prescribe.

*Id.* art. 44.15.  Accordingly, an appellate court, in this case the trial court, may allow an appellant to file a new bond with the appellate court to cure defects in form or substance in the previously filed bond. *Id.*

10

In evaluating the interplay between article 44.15, which allows for amendments to appeal bonds, and article 45.0426, which sets out when appeal from a justice or municipal court is perfected, our sister court of appeals has explained that "the fact that" article 44.15 "exists is evidence that [an appellate] court's jurisdiction does not 'evaporate' immediately upon finding a bond inadequate." *Comunidad Corp.*, 445 S.W.3d at 406. Although recognizing that the statute pertains to appeals in criminal matters, our sister court explained that its construction is consistent with the manner in which civil appellate bonds are handled. *See id.* In other words, a court to which an appeal is taken has jurisdiction over the appeal when a timely appeal bond is filed and may allow for the filing of an amended appeal bond if the appeal bond is determined to be deficient in some manner. *See id.*; *see also Pollak v. Metroplex Consumer Ctr., Inc.*, 722 S.W.2d 512, 514 (Tex. App.—Dallas 1986, no writ) ("[o]ur jurisdiction is invoked by the timely filing of the original bond, though defective or insufficient"); *Jones v. Banks*, 331 S.W.2d 370, 371 (Tex. App.—Dallas 1960, no writ) ("The rule is that defects of substance or form in a bond for costs on appeal are not jurisdictional").

Although our sister court recognized that the code provision used the word "may," which typically creates a discretionary authority, *see* Tex. Gov't Code § 311.016(1), it concluded that a court to which an appeal is taken cannot dismiss for lack of jurisdiction a defendant's appeal for a deficient appeal bond without first providing "notice and an opportunity to cure by filing a new or amended bond pursuant to article 44.15." *See Comunidad Corp.*, 445 S.W.3d at 406, 407; *see also Few v. State*, 230 S.W.3d 184, 189-90 (Tex. Crim. App. 2007) (explaining that defect in perfecting instrument, which may be amended, does not affect jurisdiction). However, our sister court also reasoned that a court to which an appeal is taken may dismiss the appeal if the defendant makes no effort to cure the defect in the appellate bond

11

after being provided notice of the defect and an opportunity to cure. *See Comunidad Corp.*, 445 S.W.3d at 406; *see also Lopez v. State*, 649 S.W.2d 165, 166 (Tex. App.—El Paso 1983, no pet.) (approving procedure by which county court at law advised defendant of defect in appeal bond (lack of his signature) and afforded him opportunity to correct it before ultimately dismissing appeal for failing to file compliant appeal bond that remedied deficiency).[2]

We agree with the construction adopted by our sister court. In this case, Kleinman filed his appeal bonds within ten days of the municipal court's judgments and therefore complied with the filing deadline needed to perfect an appeal. *See* Tex. Code Crim. Proc. art. 45.0426(a). Those appeal bonds were defective because they were not signed by Kleinman and were instead signed on Kleinman's behalf by DeNoie as an attorney in fact. *See Zidell v. State*, 530 S.W.2d 577, 578 (Tex. Crim. App. 1975) (discussing case conceding that signature from surety's "attorney in fact" was insufficient to create effective bail bond); *Tierney v. State*, 31 Tex. 40, 41-42 (1868) (determining that bail bond was insufficient because it "did not purport to be executed by the principal"). *But see Purcell v. Metropolitan Cas. Inc. Co. of N. Y.*, 260 S.W.2d 134, 138 (Tex. App.—Fort Worth 1953, no writ) (concluding in civil context that appeal bond did not need principal's signature when "it does bear the signatures of the sureties"). However, that deficiency was not identified by the municipal court until after the ten-day

---

[2] The State argues that *Lopez* does not support a conclusion that Kleinman should have been given an opportunity to amend his appeal bonds because, unlike the City's municipal court, the municipal court in *Lopez* was a court of record. Although it is true that the statutory provision governing appeals from municipal courts of record imposes different requirements for perfecting an appeal (i.e. filing a motion for new trial and a notice of appeal), *see* Tex. Gov't Code § 30.00014(c), (d), we do not agree with the State's suggestion that this distinction compels a conclusion that defendants who file timely but deficient appeal bonds for appeals from municipal courts that are not courts of record should not be permitted an opportunity to amend, particularly in light of the global language from article 44.15 affording an opportunity to amend an appellate bond "[w]hen an appeal is taken from *any* court of this State." Tex. Code Crim. Proc. art. 44.15 (emphasis added).

12

deadline had run. A few days later, Kleinman prepared new appeal bonds containing his signature and included those new appeal bonds in his response to the State's application for writ of procedendo, which argued that the trial court did not have jurisdiction over the cases because the appeal bonds were not personally signed by Kleinman.

Because Kleinman timely filed his appeal bonds and because the only alleged deficiency in complying with the article 17.08 directives pertained to the requirement that the principal sign the bonds, *see* Tex. Code Crim. Proc. art. 17.08, the trial court had jurisdiction to provide him notice and an opportunity to cure the defects by filing new appeal bonds in each case as Kleinman attempted to do, *see Comunidad Corp.*, 445 S.W.3d at 408; *see also Martin v. State*, 346 S.W.2d 840, 841 (Tex. Crim. App. 1961) ("It has long been the rule that a criminal appeal, dismissed for want of a sufficient bond, will be reinstated upon motion accompanied by a sufficient bond")[3]; *Joiner v. State*, 232 S.W. 333, 333 (Tex. Crim. App. 1921) (providing that motion to dismiss appeal for defective appeal bond will be overruled where, "after being notified of the condition of said appeal bond, a new bond was made by appellant in accordance with our statute"); *Nelson v. State*, 119 S.W. 846, 846-47 (Tex. Crim. App. 1909) (reversing appellate court's judgment granting State's motion to dismiss appeal from justice court on ground that bond was insufficient where "appellant tendered a sufficient bond" in response to State's motion).

---

[3] The State contends that *Martin v. State*, 346 S.W.2d 840 (Tex. Crim. App. 1961), does not support the relief Kleinman requests. In that case, the appellate court dismissed the defendant's appeal after concluding that the appeal bond was defective for not including which county court at law was being given notice of appeal. *Id.* at 841. The Court of Criminal Appeals determined that the dismissal was improper because the bond actually included the requisite information. *Id.* Although the circumstances present here differ from those in *Martin* because Kleinman's required signature was not included, we nevertheless find it instructive that the Court of Criminal Appeals relied on the legal principle that an appeal dismissed for a deficient bond must be reinstated when a sufficient bond is later filed. *See id.*

13

Turning to the State's argument that the trial court did not have jurisdiction because the municipal court did not sign and approve the appeal bonds, we note that the provision establishing how an appeal is perfected does not require that the appeal bond be approved to perfect an appeal; on the contrary, the provision simply requires that the appeal bond be filed with the municipal court within ten days of the judgment being entered. Tex. Code Crim. Proc. art. 45.0426. Although another provision addresses the need for approval by the court from which an appeal is being made, that provision places the duty to approve the appeal bond on the court rather than placing the duty on the defendant to have the appeal bond approved by the court. *See id.* art. 45.0425. In other words, the court is required to "approve the appeal bond" if the appeal bond complies with the statutory requirements. *See id.* Moreover, the record in this case establishes that the only reason the municipal court failed to approve the bonds was the lack of Kleinman's signature on the bonds. *See id.* Additionally, as found by the trial court, Kleinman complied with other requirements for filing sufficient appeal bonds, including requesting the amount of the appeal bonds that the municipal court would approve and making the appeal bonds for those amounts. *See id.* arts. 27.14(b), 45.0425(a).

Accordingly, we cannot agree with the State's suggestion that the absence of approval of the bonds by the municipal court under the circumstances present here should be considered a bar to appellate review. Construing the provisions at issue in the manner suggested by the State would prohibit appellate review of municipal court decisions even if the defendants fully complied with the requirements for perfecting an appeal if the municipal court disapproves the appeal bonds after the ten-day deadline for perfecting an appeal. *See id.* art. 45.0426; *see also Ex parte Vela*, 460 S.W.3d at 612 (noting that statutes should not be read in manner that would lead to absurd results). Our construction is also consistent with a prior opinion by the

14

Court of Criminal Appeals allowing a defendant an opportunity to file a new appeal bond that contained the trial court's signature when the defendant filed a timely appeal bond that did not bear the trial court's signature. *See Mosley v. State*, 141 S.W.2d 331, 409 (Tex. Crim. App. 1940) (on reh'g). Although that case occurred prior to the enactment of article 44.15, the case does support the conclusion that the absence of the municipal court's signature and approval in this case should not be treated as a bar to appellate review.

The State's brief and the trial court's order extensively rely on an opinion by a sister court of appeals. *See Shelley*, 2023 WL 1988445. As an initial matter, we note that the analysis from that unpublished case is not binding precedent for this Court. *See* Tex. R. App. P. 47.7 (noting that criminal appellate opinions not designated for publication have no precedential value); *see also HWY 3 MHP, LLC v. Electric Reliability Council of Tex. (ERCOT)*, 462 S.W.3d 204, 211 n.4 (Tex. App.—Austin 2015, no pet.) (explaining that analysis from sister court of appeals is not binding). In any event, we believe that the case is distinguishable from the circumstances present here.

In *Shelley*, the defendant did not request the amount of a bond that the justice court would approve as required by statute and instead filed a bond for the minimum amount required by statute, and the justice of the peace did not approve the bond, "as evidenced by a lack of signature by the justice of the peace." 2023 WL 1988445, at *3. Our sister court reasoned the bond was inadequate to perfect the appeal because "appellant failed to request the amount of the bond that would be approved by the justice of the peace and failed to obtain approval for the bond submitted to that court." *Id.* However, as set out above, Kleinman did request and obtain the amount of the appeal bonds that would be accepted by the municipal court, and the municipal court withheld its approval only for the technical reason that Kleinman did not personally sign

15

the appeal bonds as principal.  To the extent that the analysis from *Shelley* is inconsistent with ours, we disagree with the reasoning of our sister court.

Although Kleinman's appeal bonds were deficient, they were timely and substantially complied with the requirements for an appeal bond, *see Holland v. State*, 88 S.W. 361, 361 (Tex. Crim. App. 1905) (examining appeal bond and concluding that trial court erred in dismissing appeal from justice court because appeal bond sufficiently complied), and the trial court had jurisdiction to, and before dismissing his appeals for lack of jurisdiction was required to, give Kleinman an opportunity to cure the defects by filing another bond in each case. Because it did not do so, we agree with Kleinman that the trial court abused its discretion by concluding that it lacked jurisdiction over the appeals and granting the State's application for writ of procedendo on that basis.  Therefore, we sustain his issue on appeal.

## CONCLUSION

Having sustained Kleinman's issue on appeal, we reverse the trial court's order granting the State's application for writ of procedendo and remand for further proceedings consistent with this opinion.

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Kelly

Reversed and Remanded

Filed:   July 10, 2024

Publish

16